IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| KENTAVIS ANTWON JONES,   )<br>   )<br>   Petitioner,   )<br>   )<br>v.   )<br>   )<br>GUY BOSH, WARDEN,   )<br>   )<br>   Respondent.   )<br>   ) | Case No. 1:25-cv-01149-JDB-jay |

ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE, DENYING MOTION
FOR STAY AND ABEYANCE, DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On June 16, 2025, Petitioner, Kentavis Antwon Jones, Tennessee Department of Correction prisoner number 504610, who is incarcerated at the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") and a motion for stay and abeyance. ((Docket Entry ("D.E.") Nos. 1 & 2.)) On June 24, 2025, the Court ordered Jones to either pay the habeas filing fee or file an in forma pauperis affidavit and trust fund account statement. (D.E. 5.) On July 17, 2025, he paid the fee. (D.E. 6.) Because Petitioner is presently challenging his conviction in state post-conviction appellate proceedings, the Court DISMISSES the § 2254 Petition WITHOUT PREJUDICE.

I.   ANALYSIS

The grounds for relief raised in Jones' § 2254 Petition have not been exhausted and he has a pending post-conviction proceeding in the state appellate court.[1] (*See* D.E. Nos. 1 & 2 at PageID 5–6, 12–13, 21.) A federal court cannot decide a § 2254 petition until the petitioner exhausts the remedies available in state court. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). All state-court proceedings on this conviction must conclude before the Court issues a decision in this matter because Jones is entitled to only one § 2254 petition challenging his conviction. He has not met his burden to show exhaustion where he has a state post-conviction petition pending and available state court remedies remain. *See Coleman v. Gidley*, No. 17-1130, 2017 WL 7370569, at *1 (6th Cir. Sept. 5, 2017).

The United States Supreme Court has made clear that stay and abeyance are appropriate only in limited circumstances. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts [before filing his federal habeas petition], stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner has not demonstrated good cause for a stay of the federal proceedings.

The § 2254 Petition is DISMISSED without prejudice to Jones' right to file a new petition after state-court proceedings have concluded. The inmate's motion for stay and abeyance is DENIED. Judgment shall be entered for Respondent.

---

[1] *See* Tennessee Administrative Office of the Courts Appellate Case Search, https://pch.tncourts.gov/CaseDetails.aspx?id=91390&Number=True (last visited July 29, 2025).

II. APPEAL

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court "must issue or deny a certificate of appealability ("COA") when it enters a final order adverse" to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the § 2254 Petition is premature. Because any appeal by Jones on the issues raised in his § 2254 Petition does not deserve attention, the Court DENIES a certificate of appealability.

Fed. R. App. P. 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court

certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperi*s* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal in forma pauperis is DENIED.[2]

IT IS SO ORDERED this 29th day of July 2025.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] If Jones files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).